THE ATLANTA.[1]

THE BYRON M.

JESS *et al.* v. THE ATLANTA.

ALDRICH v. THE BYRON M.

(*District Court, E. D. New York. March 12, 1890.*)

COLLISION—BETWEEN SAILING VESSELS—INEVITABLE ACCIDENT—SNOW-STORM.
 Where two sailing vessels came in collision outside of New York harbor, and the evidence indicated that the vessel bound by rule to avoid the other was under shortened sail, and that a blinding snow-storm prevailed at the time which rendered it impossible for either vessel to be seen by the other in time to avoid the accident, it was *held,* that the collision was an inevitable occurrence, for which neither vessel was responsible to the other.

In Admiralty. Cross-actions for damages by collision.
. *Owen, Gray & Sturges,* for the Atlanta.
*Wing, Shoudy & Putnam,* for the Byron M.

BENEDICT, J. These actions arose out of a collision that occurred between the brigantine Atlanta and the schooner Byron M., on March 30,

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

1889, on the high seas, outside the light-ship off New York harbor. The time of the collision was about 2:30 in the morning. Wind at the time N. N. W. The Byron M. was sailing close-hauled; the brigantine Atlanta also sailing on the wind, with shortened sail. Neither of the vessels changed their courses prior to the collision. The Byron M. had the privileged tack. The decision of the case, in my opinion, turns on the question whether, as is alleged by the brigantine, at the time of the collision the vessels were sailing in a blinding snow-storm, or, as is alleged by the schooner, the weather was fairly clear. Upon this question the conflict of testimony is strong, but my opinion is that the weight of the evidence is in favor of the proposition that, at the time of the collision, the vessels were enveloped in a storm of blinding snow, which rendered it impossible for either vessel to be seen from the other in time to do anything to avoid collision. This determination renders unimportant the point made in behalf of the schooner that the man on the lookout of the brigantine was engaged in other duties upon the forecastle; as also the further point that the failure of the brigantine to call all the persons who were on her forecastle requires the presumption that the witnesses not produced would have shown an inattention on the part of the lookout. It is proved that the brigantine was under shortened sail, and in such a storm, as the evidence proves, neither the inattention of the brigantine's lookout, if proved, nor the absence of the master from the deck of the brigantine, if proved, nor the failure to sound a horn on board the brigantine, if proved, nor the absence of any orders from the master after he came on deck, could be held to have contributed to the disaster. Upon the evidence, it is not seen that anything possible to be done on board the brigantine more than was done would have avoided the collision. As I view the case, the collision was an inevitable occurrence, for which neither vessel is responsible to the other. Let both libels be dismissed.